## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BICENT HOLDINGS LLC, *et al.*,[1] | : | Case No.  12-11304 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | |

---------------------------------------------------------------- x

## GLOBAL NOTES TO DEBTORS' SCHEDULES OF ASSETS AND
## LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

Bicent Holdings LLC ("Bicent"), Bicent R.F. LLC, Bicent Funding LLC, Bicent Power LLC, Colorado Energy Management, LLC, CEM Energy Services, Inc., Colorado Cogen Operators, LLC, San Joaquin Cogen, L.L.C., Rocky Mountain Power, LLC, Hartwell, LLC, Hartwell Power Company, Hartwell Independent Power Partners, LLC, and Hart County IPP, LLC (each a "Debtor" and collectively, the "Debtors") submit their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure.  The Schedules and Statements prepared by the Debtors as of April 23, 2012 (the "Petition Date") and for the period from January 1, 2012 to April 23, 2012 are unaudited and were prepared from a variety of different sources available to the Debtors with such data to provide a cut-off as near as possible to the Petition Date.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the Debtors' financial statements (whether publicly filed or otherwise).   While the Debtors' management has exercised reasonable best efforts to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, inadvertent errors or omissions may exist.  Accordingly, the Debtors reserve the right to amend the Schedules and Statements from time to time as may be necessary or appropriate and will do so as necessary. These global notes (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Bicent Holdings LLC (9347); Bicent R.F. LLC (8269); Bicent Funding LLC (2270); Bicent Power LLC (8567); Colorado Energy Management, LLC (8296); CEM Energy Services, Inc. (9642); Colorado Cogen Operators, LLC (3737); San Joaquin Cogen, L.L.C. (8299); Rocky Mountain Power, LLC (7088); Hartwell, LLC (N/A); Hartwell Power Company (5414); Hartwell Independent Power Partners, LLC (7195); Hart County IPP, LLC (7194).  The Debtors' mailing address is 2575 Park Lane, 2nd Floor, Lafayette, Colorado 80026.

The Schedules and Statements have been signed by Christopher L. Ryan, who serves as Chief Financial Officer of Bicent Holdings LLC.  In reviewing and signing the Schedules and Statements, Mr. Ryan has necessarily relied upon the efforts, statements and representations of the Debtors' personnel and professionals.  Mr. Ryan has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to their chapter 11 cases, including, without limitation, any issues involving substantive consolidation, equitable subordination, offsets or defenses, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or otherwise.

<u>**Summary of Significant Reporting Policies**</u>

1.    <u>Amendments and Supplements</u>.  While the Debtors made reasonable and good faith efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary and appropriate.

2.    <u>Bankruptcy Court Orders</u>.  Pursuant to various orders entered by the Bankruptcy Court (collectively, the "<u>Prepetition Payment Orders</u>"), the Debtors were authorized to pay certain outstanding prepetition claims, including, without limitation, certain claims of employees for wages, salaries and benefits, certain tax claims, and certain claims of critical vendors.  The prepetition obligations that have been paid pursuant to the Prepetition Payment Orders have not been listed in the Schedules.  However, despite the Debtors' good faith efforts to account for the satisfaction of such claims pursuant to the Prepetition Payment Orders, whether in whole or in part, the claims listed in the Schedules may not reflect application of all amounts paid pursuant to the Prepetition Payment Orders, as such claims were unpaid as of the Petition Date.   Moreover, to the extent such claims are listed on the Schedules and Statements, inadvertently or otherwise, the Debtors do not waive any right to amend the Schedules and Statements and/or subsequently object to such claims on any basis, including on the basis that such claims have already been satisfied through payments in accordance with one or more of the Prepetition Payment Orders.

3.    <u>Claims Description</u>.  The Debtors reserve the right to dispute, or to assert offset, setoff rights, counterclaims or defenses to, any claim reflected on the Schedules and/or Statements as to amount, liability or classification.  The Debtors also reserve all rights with respect to the values, amounts and characterizations of the assets and liabilities listed in their Schedules and Statements.  Any failure to designate a claim listed on the Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated," and the Debtors reserve the right to subsequently designate any claim as "disputed," "contingent" or "unliquidated".  Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts.  Further, the claims of individual creditors for, among other things, goods, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect

credits or allowances due from such creditors to the Debtors.  The Debtors reserve all of their rights with respect to any such credits and allowances.

4.      <u>Classifications</u>.  Listing a claim or contract (a) on Schedule D as "secured," (b) on Schedule F as "unsecured," or (c) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to re-characterize or reclassify such claim or contract or an admission by the Debtors that any contract or lease is executory or unexpired.

5.      <u>Causes of Action</u>.  Despite reasonable good faith efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements.  The Debtors reserve all rights with respect to any causes of action they may have against third parties, whether or not such causes of action are or are not listed as assets in their Schedules and Statements, and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.  Similarly, in instances where the Debtors are defendants in pending causes of action, nothing in the Global Notes or the Schedules and Statements shall be deemed as an admission or determination with respect to, or a waiver of any defense or objection to, such causes of action, and all of the Debtors' defenses, objections, and other rights with respect to such causes of action are hereby preserved.

6.      <u>Schedules and Statements Reflect Book Value</u>.  As it would be expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests, unless otherwise noted, the carrying value on the Debtors' books (*i.e.*, book value), rather than the current market values, of the Debtors' interests in property and of the Debtors' liabilities, is reflected in the Debtors' Schedules and Statements.  Market values of these assets may vary, at some times materially, from the book value of such assets. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value.

7.      <u>Estimates and Assumptions</u>.  In preparing the Schedules and Statements, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosure of potential values of assets and liabilities on the date of the Schedules and Statements and the reported amounts of revenues and expenses during the reporting period.  Actual results could differ from those estimates, perhaps materially.

8.      <u>Executory Contracts and Unexpired Leases</u>.  The Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  The Debtors' executory contracts and unexpired leases have been set forth on Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims; the Schedules and Statements do not reflect any claims for rejection damages.  The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims.

9.      <u>Intellectual Property Rights</u>.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been

abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the particular Debtor that is the rightful owner of such intellectual property, however, in some instances, intellectual property identified as being owned by one Debtor may, in fact, be owned by another Debtor.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

10.    Intercompany Accounts/Claims.  The Debtors utilize a consolidated cash management system.  The Debtors manage the cash within the cash management system by transferring funds among bank accounts, as needed, disbursing funds through a concentrated account and debiting and crediting intercompany accounts.  The Debtors maintain accounting records of the daily cash transactions between and among the Debtors. Thus, the Debtors' debits and credits are known and recorded.  However, given the volume of such transactions, it would be unduly burdensome for the Debtors to separately identify each of these transactions for purposes of the Statements or Schedules B and F, but a summary of intercompany account balances is included in the Schedules.  The Debtors reserve all rights with respect to claims against and debts owed to other Debtors.

11.    Insiders.  For purposes of the Schedules and Statements, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtors; and (d) relatives of the Debtors' directors, officers or persons in control of the Debtors.  Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code.  Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

12.    Liabilities.  The Debtors allocated liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.  The Debtors reserve all rights to modify, amend, and supplement the Schedules and Statements as is necessary and appropriate.

13.    Accruals/Unvouchered Payables.    The Debtors have made every reasonable attempt to list all accruals and unvouchered payables in their Schedules.

4

14. <u>Materialman's/Mechanics' Liens</u>.  The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

15. <u>Petition Date</u>.  Financial information for the Debtors is, unless otherwise noted herein or in the Schedules and Statements, provided as of the Petition Date.

16. <u>Entity Classification Issues</u>.  The Debtors have endeavored in good faith to identify the assets owned by each Debtor and the liabilities owed by each Debtor.  While the Schedules reflect the results of this effort, several factors may impact the ability of the Debtors precisely to assign assets and liabilities to particular Debtor entities, including, but not limited to, (a) certain liabilities may be in the name of one of the Debtors, but are actually owed by a third party pursuant to operation and maintenance agreements; (b) certain assets may be primarily used by a Debtor other than the entity which holds title to such assets according to the Debtors' books and records; (c) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have been actually incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor; (d) certain creditors of the Debtors may have treated one or more of the Debtors as a consolidated entity rather than differentiated entities; and (e) the impact of the Debtors' cash management system, described in paragraph 10 above.

17. <u>Property and Equipment</u>.  Unless otherwise noted, owned property and equipment are stated at net book value.  Depreciation and amortization are provided principally on the straight-line method over a period of twenty to thirty years for plant equipment and buildings.  Other depreciable assets are depreciated over a period of three to ten years.  Leasehold improvements are depreciated over the lesser of the life of the asset or the real estate lease term.

18. <u>Confidentiality</u>.  Addresses of individuals are generally not included in the Schedules and Statements.  The Debtors will mail any required notice or other documents to the address listed in their books and records for such individuals.  Additionally, individual names, other than insiders, have been reported in summary form in the Schedules and Statements.

19. <u>Global Notes Control</u>.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

In addition to the foregoing, the following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

<u>**Specific Disclosures Regarding Schedules and Statements**</u>

1. <u>Schedule A</u>:  The Debtors have listed the value of their real estate at the net book value assigned to such real estate in the Debtors' books and records.  This amount may be materially different from the fair market value of such real estate.

2. <u>Schedule B</u>:  All values set forth in Schedule B reflect the book value of the Debtors' assets as of the Petition Date.

a.      Schedule B9 – Insurance Policies:  The Debtors maintain certain insurance policies essential to continued operations.  The terms of these policies are characteristic of insurance policies typically maintained by corporate entities that are similar in size and nature to the company.  The Debtors' insurance policies generally are structured to provide coverage for many of Bicent's direct and indirect subsidiaries and affiliates, including the Debtors.   The Debtors maintain various policies of insurance, including, but not limited to, property, casualty, motor vehicles, workers' compensation, general liability, employer's practices liabilities and director and officer liability.

b.      Schedule B13 – Stocks and Interests in Business:  The equity interests listed on Schedule B13 arise from common stock ownership interests and limited liability corporation memberships.  For purposes of the Schedules and Statements, the Debtors have listed the value of such ownership interests as undetermined, because the fair market value of such ownership interests is dependent on numerous variables and factors and may differ significantly from the net book value.  Schedule B13 only includes stocks and interests directly held by the applicable Debtor.

c.      Schedule B16 –  Accounts Receivable:  The Commodity Swap receivable listed on Schedule B16 of Bicent Power LLC represents revenue earned under the Commodity Swap by Bicent Power LLC for the period from April 1, 2012 to the Petition Date.

d.      Schedules B18 & B21 – Other Liquidated Debts/Claims:   The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to this question shall not constitute a waiver, release, relinquishment or forfeiture of such claim.

e.      Schedule B22 – Patents, Copyrights and Intellectual Property:  The Debtors have listed various intellectual property.   Certain of this intellectual property may not be transferrable and, therefore, may have no market value, although it does have value to the Debtors because it is necessary to operate the Debtors' businesses.  Nothing herein or in the Schedules and Statements shall be construed as an admission or acknowledgement by the Debtors that any particular intellectual property is not transferrable either pursuant to its terms or pursuant to the provisions of the Bankruptcy Code or has no market value, and the Debtors reserve all rights with respect to any such issues.

f.      Schedule B23 – Licenses:   The Debtors have not included operating licenses and permits.

g.      Schedule B28, B29, B30 – Office Equipment, Furnishing and Supplies, Machinery, Fixtures, Equipment, and Supplies Used in Business, and Inventory:  The Debtors have provided categorical listings of those assets maintained in the Debtors' books and records in the ordinary course of business, and corresponding aggregate book values for such assets.

3.      Schedule D

a.      Except as otherwise agreed in accordance with a stipulation or agreed order or any other order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the extent, validity, perfection or immunity from avoidance of any lien purported to be granted to, or perfected in any specific asset by, a secured creditor listed on Schedule D.

b.      Holders of secured claims by virtue of holding setoff rights against the Debtors or leasing equipment of the Debtors are not included on Schedule D.  Lessors, utility companies and other parties which may hold security deposits also have not been listed in Schedule D.

c.      Bicent Power LLC, as borrower, Bicent Funding LLC and the subsidiary guarantors named therein, as guarantors, the lenders party thereto and Barclays Bank PLC ("Barclays"), as collateral agent and administrative agent, are parties to the First Lien Credit Agreement dated as of July 10, 2007 (the "First Lien Credit Agreement").

d.      Bicent Power LLC, as borrower, Bicent Funding LLC and the subsidiary guarantors named therein, as guarantors, the lenders party thereto and U.S. Bank National Association, as successor collateral agent and administrative agent, are parties to the Second Lien Credit Agreement dated as of July 10, 2007 (the "Second Lien Credit Agreement").

e.      In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of an affiliate, and no claim scheduled on Schedule D is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

f.      After the Petition Date, on May 14, 2012, Barclays Bank PLC terminated the Swap Agreements listed on Schedule D.  On May 16, 2012, Barclays issued a statement to the Debtors (the "Calculation Statement"), reflecting an aggregate amount of $2,557,767.12 (after netting and setoff) owing by Barclays to

7

Bicent Power as a result of the early termination of the Barclays Swap Agreements. On the same day, Barclays remitted $2,557,767.12 in cash to the Company. This amount remains in dispute.

g. The descriptions provided are intended only to be a summary. Reference to the applicable documents giving rise to any security interest is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing herein shall be deemed a modification or interpretation of the terms of such agreements.

4. <u>Schedule E</u>

a. The Debtors have authority to pay certain prepetition obligations, including authority to pay employee wages and benefits in the ordinary course of business pursuant to Court order (the "<u>Employee Wage Order</u>"). Pursuant to the Employee Wage Order, the Debtors believe that any employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as priority or non-priority claims, have been or will be satisfied, and such satisfied amounts have not been listed on Schedule E.

b. The Debtors also have received authority to pay certain taxes, including, but not limited to, sales, use, income and property taxes pursuant to Court order (the "<u>Taxes Order</u>"). Pursuant to the Taxes Order, the Debtors believe that any claims on account of such taxes have been or will be satisfied. Out of an abundance of caution and in an effort to provide notice to all holders of priority tax claims, the Debtors have listed all potential holders of priority tax claims on Schedule E. The listing of a taxing authority on a Debtor's Schedule E is not an acknowledgement that such taxing authority holds a valid claim against a particular Debtor or that a particular tax claim is entitled to priority under 11 U.S.C. § 507(a)(8) or otherwise.

c. The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507. The Debtors reserve the right to take the position that any claim listed on Schedule E is not entitled to priority.

5. <u>Schedule F</u>

a. The claims listed on Schedule F reflect the amounts owed as of the Petition Date and may not reflect any payments authorized to be

made to certain vendors pursuant to the Prepetition Payment Orders. The Debtors reserve the right to assert that claims satisfied during the administration of these cases should be reduced accordingly.

b. The Bankruptcy Court has approved the payment of certain unsecured pre-petition claims, including, without limitation, certain claims of critical vendors and vendors holding administrative priority claims. While the Debtors have made every effort to accurately reflect such claims and payments in Schedule F, some payments and claims may not have been properly accounted for.

c. Schedule F also reflects the prepetition amounts owed to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Schedule F does not include additional rejection damages claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected as of or after the Petition Date.

d. The claims of creditors for, among other things, parts, goods and services are listed in the Debtors' books and records and may not reflect credits or allowances due from such creditor. The Debtors reserve all of their rights respecting such credits and allowances. The amounts listed may be exclusive of contingent and unliquidated amounts.

e. The Debtors expressly incorporate by reference into Schedules F all parties to pending and potential litigation listed in 4(a) of the Debtors' Statements as contingent, unliquidated and disputed claims, to the extent not already listed on Schedule F.

f. The Debtors accrue a bonus expense liability in the ordinary course of business, which is discretionary and may be paid annually. As a determination to pay will not be made until calendar year 2013, such claim is not listed on Schedule F.

6. <u>Schedule G</u>

a. While reasonable best efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors may have listed certain agreements on Schedule G that are not "executory contracts," as that term is used in the Bankruptcy Code, and the Debtors reserve the right to argue

01:12110345.9

that any agreement listed on Schedule G is not an "executory contract" notwithstanding its inclusion on Schedule G.

b. The Debtors hereby reserve all rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

c. Omission of a contract, agreement or lease from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contract, agreement or lease are not impaired by their omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

d. The contracts, agreements and leases listed on Schedule G may have expired or may have been rejected, terminated, assigned, modified, amended and/or supplemented from time to time by various amendments, change orders, purchase orders, work orders, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the agreements listed on Schedule G may be in the nature of secured financings, and the inclusion of such on Schedule G is not an admission that the agreement is an executory contract, financing agreement or otherwise.

7.  <u>SOFA Question 3b</u>:  Payments are listed by the entity making such payment, notwithstanding that certain payments may have been made on behalf of another entity. As described above, the Debtors utilize an integrated cash management system.

a. Intercompany cash management transfers among Debtors are not represented in the Debtors' responses to Question 3b.

b. The Debtors have excluded ordinary course third-party and employee reimbursable expenses from Question 3b.

8.  <u>SOFA Question 3c</u>:

a. Intercompany cash management transfers among Debtors are not represented in the Debtors' responses to Question 3c.

01:12110345.9

b.    The Debtors have excluded ordinary course third-party and employee reimbursable expenses from Question 3b.

c.    The Debtors do not believe that the employees of the Debtors with the title "vice president," "senior vice president," or "plant manager" constitute "insiders" within the meaning of section 101(31) of the Bankruptcy Code.

9.    <u>SOFA Question 4</u>:    The Debtors have made every effort to include on Exhibit 4 a complete list of all suits and proceedings to which the Debtors were a party within the one year immediately preceding the Petition Date.  To the extent the Debtors become aware that they have omitted any suits or proceedings, they will amend their Statements.

10.    <u>SOFA Question 9</u>:    The obligations of the Debtors responsive to this question are paid by and through Bicent Power LLC.  Accordingly, the payments related to debt counseling or bankruptcy appear only in the response to Question 9 of Bicent Power LLC.

11.    <u>SOFA Question 14</u>: In the ordinary course of their business, the Debtors lease equipment from certain third-party lessors for use in the daily operation of their business and otherwise hold property owned by third parties pursuant to agreements with such parties.  Any such leases or contracts are set forth in Schedule G.  The property subject to any of such agreements is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtors.  Neither is the property subject to any such agreements reflected in the Statements as property or assets of third parties within the control of the Debtors.  Nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including, but not limited to, whether any lease is a true lease or a financing arrangement) or contract (including, but not limited to, whether the contract is, in fact, an executory contract), and the Debtors reserve all rights with respect to any of such issues.

12.    <u>SOFA Question 17</u>:    The Debtors have disclosed both suggestions of potential liability asserted by governmental agencies and known environmental violations since ownership commenced in July 2007.

13.    <u>SOFA Question 19b</u>:    In addition to the entities listed, the Debtors provide financial statements to vendors and governmental agencies upon request.

14.    <u>SOFA Question 23</u>:    The response to Statement Question 3c is incorporated by reference into the response to Statement Question 23.

15.    <u>SOFA Question 24</u>:    All but two Debtor entities are filed in a consolidated tax return under non-Debtor Bicent Prime Holdings, LLC, on Form 1065, I.D. #80-0339965.  CEM Energy Services, Inc. (I.D.# 76-0789642) and Hartwell Power Company (I.D.# 76-0545414) are corporations and each file their own Form 1120.

01:12110345.9

The Debtors, their officers, employees, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.  Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized.  The Debtors, on behalf of themselves, their officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

* * * END OF GLOBAL NOTES * * *

# UNITED STATES BANKRUPTCY COURT

In re:   COLORADO ENERGY MANAGEMENT, LLC

Debtor

Case No.    12-11308

Chapter    11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 4 | $3,920,915.24 | | |
| C - Property Claimed as Exempt | NO | | | | |
| D - Creditors Holding Secured Claims | YES | 3 | | $308,030,358.30 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $46,461.30 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 13 | | $23,057,908.38 | |
| G - Executory Contracts and Unexpired Leases | YES | 3 | | | |
| H - Codebtors | YES | 5 | | | |
| I - Current Income of Individual Debtor(s) | NO | | | | |
| J - Current Expenditures of Individual Debtors(s) | NO | | | | |
| | | 32 | $3,920,915.24 | $331,134,727.98 | |

In re:  COLORADO ENERGY MANAGEMENT, LLC                          Case No.   12-11308
_____                                    _____
                    Debtor                                                  (if known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |

In re:  COLORADO ENERGY MANAGEMENT, LLC                                Case No.   12-11308
_____                              _____
                    Debtor                                                      (if known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  CASH ON HAND. | | PETTY CASH | | $252.08 |
| 2.  CHECKING, SAVINGS OR OTHER FINANCIAL ACCOUNTS, CERTIFICATES OF DEPOSIT, OR SHARES IN BANKS, SAVINGS AND LOAN, THRIFT, BUILDING AND LOAN, AND HOMESTEAD ASSOCIATIONS, OR CREDIT UNIONS, BROKERAGE HOUSES, OR COOPERATIVES. | | WELLS FARGO BANK, N.A. - 5633 MANCHIEF OPERATING ACCOUNT | | $588,935.21 |
| | | WELLS FARGO BANK, N.A. - 9526 REVENUE ACCOUNT | | $102,395.45 |
| | | WELLS FARGO BANK, N.A. - 8141 OPERATING ACCOUNT | | $56,269.76 |
| | | WELLS FARGO BANK, N.A. - 4753 SAVINGS ACCOUNT (LEA COUNTY) | | $5,087.94 |
| | | WELLS FARGO BANK, N.A. - 6136 PAYROLL ACCOUNT | | $753.63 |
| 3.  SECURITY DEPOSITS WITH PUBLIC UTILITIES, TELEPHONE COMPANIES, LANDLORDS, AND OTHERS. | | OFFICE LEASE DEPOSIT | | $9,878.00 |
| | | OTHER DEPOSITS | | $1,227.00 |
| 4.  HOUSEHOLD GOODS AND FURNISHINGS, INCLUDING AUDIO, VIDEO, AND COMPUTER EQUIPMENT. | X | | | |
| 5.  BOOKS, PICTURES AND OTHER ART OBJECTS, ANTIQUES, STAMP, COIN, RECORD, TAPE, COMPACT DISC, AND OTHER COLLECTIONS OR COLLECTIBLES. | X | | | |
| 6.  WEARING APPAREL. | X | | | |
| 7.  FURS AND JEWELRY. | X | | | |

In re:  COLORADO ENERGY MANAGEMENT, LLC                          Case No.    12-11308
_____                        _____
                        Debtor                                                          (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 8.  FIREARMS AND SPORTS, PHOTOGRAPHIC, AND OTHER HOBBY EQUIPMENT. | X | | | |
| 9.  INTERESTS IN INSURANCE POLICIES. NAME INSURANCE COMPANY OF EACH POLICY AND ITEMIZE SURRENDER OR REFUND VALUE OF EACH. | X | | | |
| 10. ANNUITIES.  ITEMIZE AND NAME EACH INSURER. | X | | | |
| 11. INTERESTS IN AN EDUCATION IRA AS DEFINED IN 26 U.S.C. § 530(b)(1) OR UNDER A QUALIFIED STATE TUITION PLAN AS DEFINED IN 26 U.S.C. § 529(b)(1). GIVE PARTICULARS.  (FILE SEPARATELY THE RECORD(S) OF ANY SUCH INTEREST(S). 11 U.S.C. § 521(c)  RULE 1007(B)) | X | | | |
| 12. INTERESTS IN IRA, ERISA, KEOGH, OR OTHER PENSION OR PROFIT SHARING PLANS.  ITEMIZE. | X | | | |
| 13. STOCK AND INTERESTS IN INCORPORATED BUSINESSES.  ITEMIZE. | | 100% EQUITY INTEREST IN CEM ENERGY SERVICES, INC. | | UNKNOWN |
| | | 100% EQUITY INTEREST IN COLORADO COGEN OPERATORS, LLC | | UNKNOWN |
| 14. INTERESTS IN PARTNERSHIPS OR JOINT VENTURES.  ITEMIZE. | X | | | |
| 15. GOVERNMENT AND CORPORATE BONDS AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS. | X | | | |
| 16. ACCOUNTS RECEIVABLE. | | MISCELLANEOUS RECEIVABLE - NON-DEBTORS | | $1,256,784.88 |
| | | ACCOUNTS RECEIVABLE - JOINT DEVELOPMENT AGREEMENT RELATED TO HOBBS | | $1,000,000.00 |
| | | INTERCOMPANY RECEIVABLE - ROCKY MOUNTAIN POWER, LLC | | $417,703.19 |
| | | INTERCOMPANY RECEIVABLE - SAN JOAQUIN COGEN, LLC | | $85,861.93 |
| | | INTERCOMPANY RECEIVABLE - COLORADO COGEN OPERATORS, LLC | | $7,056.63 |

In re:  COLORADO ENERGY MANAGEMENT, LLC                    Case No.    12-11308
_____                  _____
                        Debtor                                              (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 17. ALIMONY, MAINTENANCE, SUPPORT, AND PROPERTY SETTLEMENTS TO WHICH THE DEBTOR IS OR MAY BE ENTITLED. GIVE PARTICULARS. | X | | | |
| 18. OTHER LIQUIDATED DEBTS OWING DEBTOR INCLUDING TAX REFUNDS. GIVE PARTICULARS. | X | | | |
| 19. EQUITABLE OR FUTURE INTERESTS, LIFE ESTATES, AND RIGHTS OR POWERS EXERCISABLE FOR THE BENEFIT OF THE DEBTOR OTHER THAN THOSE LISTED IN SCHEDULE OF REAL PROPERTY. | X | | | |
| 20 CONTINGENT AND NON-CONTINGENT INTERESTS IN ESTATE OF A DECEDENT, DEATH BENEFIT PLAN, LIFE INSURANCE POLICY, OR TRUST. | X | | | |
| 21. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OF EVERY NATURE, INCLUDING TAX REFUNDS, COUNTERCLAIMS OF THE DEBTOR, AND RIGHTS TO SETOFF CLAIMS. GIVE ESTIMATED VALUE OF EACH. | X | | | |
| 22. PATENTS, COPYRIGHTS, AND OTHER INTELLECTUAL PROPERTY. GIVE PARTICULARS. | | DOMAIN NAME - ARGOSENERGY.CO | | UNKNOWN |
| | | DOMAIN NAME - COLORADOENERGY.BIZ | | UNKNOWN |
| | | DOMAIN NAME - COLORADOENERGY.COM | | UNKNOWN |
| | | TRADEMARK - COLORADO ENERGY & DESIGN (CLASS 37) | | UNKNOWN |
| | | TRADEMARK - COLORADO ENERGY & DESIGN (CLASS 42) | | UNKNOWN |
| | | TRADEMARK - COLORADO ENERGY (CLASS 37) | | UNKNOWN |
| | | TRADEMARK - COLORADO ENERGY (CLASS 42) | | UNKNOWN |
| 23. LICENSES, FRANCHISES, AND OTHER GENERAL INTANGIBLES. GIVE PARTICULARS. | | RADIO SERVICE LICENSE - WNZF345 | | UNKNOWN |

In re:  COLORADO ENERGY MANAGEMENT, LLC     Case No.   12-11308

Debtor                          (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24. CUSTOMER LISTS OR OTHER COMPILATIONS CONTAINING PERSONALLY IDENTIFIABLE INFORMATION PROVIDED TO THE DEBTOR BY INDIVIDUALS IN CONNECTION WITH OBTAINING A PRODUCT OR SERVICE FROM THE DEBTOR PRIMARILY FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES. | X | | | |
| 25. AUTOMOBILES, TRUCKS, TRAILERS, OTHER VEHICLES AND ACCESSORIES. | X | | | |
| 26. BOATS, MOTORS, AND ACCESSORIES. | X | | | |
| 27. AIRCRAFT AND ACCESSORIES. | X | | | |
| 28. OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES. | | OFFICE EQUIPMENT | | $293,351.48 |
| 29. MACHINERY, FIXTURES, EQUIPMENT AND SUPPLIES USED IN BUSINESS. | | COMPUTERIZED MAINTENANCE MANAGEMENT SYSTEM | | $85,377.19 |
| 30. INVENTORY. | X | | | |
| 31. ANIMALS. | X | | | |
| 32. CROPS - GROWING OR HARVESTED. GIVE PARTICULARS. | X | | | |
| 33. FARMING EQUIPMENT AND IMPLEMENTS. | X | | | |
| 34. FARM SUPPLIES, CHEMICALS, AND FEED. | X | | | |
| 35. OTHER PERSONAL PROPERTY OF ANY KIND NOT ALREADY LISTED.  ITEMIZE. | | PREPAID HEALTH INSURANCE | | $5,509.88 |
| | | PREPAID RISK INSURANCE | | $4,470.99 |
| | | Total | | $3,920,915.24 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Schedule of Personal Property -
Sheet no. 4 of 4

In re:  COLORADO ENERGY MANAGEMENT, LLC     Case No.  12-11308
                                      Debtor                               (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>U.S. BANK NATIONAL ASSOCIATION<br>ATTN: SCOTT DEROSS<br>CDO TRUST SERVICES<br>214 N. TRYON STREET, 26TH FLOOR<br>CHARLOTTE, NC  28202 | X | | SECOND LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007 - TERM C FACILITY (GUARANTOR)<br><br>VALUE:  UNKNOWN | X | | | $128,911,739.86 | $128,911,739.86 |

Schedule of Creditors Holding Secured Claims -
Sheet no. 1 of 3

Subtotal
(Total of this page)  |  $128,911,739.86  |  $128,911,739.86

In re:  COLORADO ENERGY MANAGEMENT, LLC     Case No.  12-11308

                Debtor                                  (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>BARCLAYS BANK PLC<br>AS FIRST LIEN COLLATERAL AGENT<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY  10166 | X | | FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007 - TERM B (GUARANTOR)<br><br>VALUE:  UNKNOWN | X | | | $117,309,412.12 | UNKNOWN |
| ACCOUNT NO.<br><br>BARCLAYS BANK PLC<br>AS FIRST LIEN COLLATERAL AGENT<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY  10166 | X | | FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007 - LETTER OF CREDIT (GUARANTOR)<br><br>VALUE:  UNKNOWN | X | | | $31,606,606.70 | UNKNOWN |
| ACCOUNT NO.<br><br>BARCLAYS BANK PLC<br>AS FIRST LIEN COLLATERAL AGENT<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY  10166 | X | | FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007 - REVOLVER (GUARANTOR)<br><br>VALUE:  UNKNOWN | X | | | $16,397,412.79 | UNKNOWN |
| ACCOUNT NO.<br><br>BARCLAYS BANK PLC<br>AS FIRST LIEN COLLATERAL AGENT<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY  10166 | X | | FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007 - CREDIT FACILITY REIMBURSEMENT OBLIGATIONS (GUARANTOR)<br><br>VALUE:  UNKNOWN | X | | | $13,805,186.83 | UNKNOWN |
| ACCOUNT NO.<br><br>BARCLAYS BANK PLC<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY  10166 | X | | INTEREST RATE SWAP AGREEMENTS - ACCRUED INTEREST (GUARANTOR) *SEE GLOBAL NOTE 3(F)<br><br>VALUE:  UNKNOWN | | X | X | UNDETERMINED | UNKNOWN |

Schedule of Creditors Holding Secured Claims - Sheet no. 2 of 3

Subtotal<br>(Total of this page)     $179,118,618.44     $0.00

In re:  COLORADO ENERGY MANAGEMENT, LLC                                      Case No.   12-11308
_____                              _____
                    Debtor                                                                           (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>BARCLAYS BANK PLC<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY 10166 | X | | COMMODITY SWAP AGREEMENTS (GUARANTOR) *SEE GLOBAL NOTE 3(F)<br><br>VALUE: UNKNOWN | | X | X | UNDETERMINED | UNKNOWN |
| ACCOUNT NO.<br><br>BARCLAYS BANK PLC<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY 10166 | X | | INTEREST RATE SWAP AGREEMENTS (GUARANTOR) *SEE GLOBAL NOTE 3(F)<br><br>VALUE: UNKNOWN | | X | X | UNDETERMINED | UNKNOWN |
| ACCOUNT NO.<br><br>DELL FINANCIAL SERVICES L.P.<br>12234 N. IH-35 BLDG. B<br>BLDG. B<br>AUSTIN, TX 78753 | | | UCC LIEN<br><br>VALUE: UNKNOWN | X | X | X | UNKNOWN | UNKNOWN |
| ACCOUNT NO.<br><br>IRD LLC<br>4742 ALLMOND AVE<br>LOUISVILLE, KY 40209 | | | UCC LIEN<br><br>VALUE: UNKNOWN | X | X | X | UNKNOWN | UNKNOWN |
| ACCOUNT NO.<br><br>MASTRONARDI PRODUCE - USA, INC<br>6505 COGSWELL ROAD<br>ROMULUS, MI 48175 | | | UCC LIEN<br><br>VALUE: UNKNOWN | X | X | X | UNKNOWN | UNKNOWN |

Schedule of Creditors Holding Secured Claims -
Sheet no. 3 of 3

|  | | |
|---|---|---|
| Subtotal<br>(Total of this page) | $0.00 | $0.00 |
| Total<br>(Use only on last page) | $308,030,358.30 | $128,911,739.86 |
|  | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

In re:  COLORADO ENERGY MANAGEMENT, LLC                    Case No.  12-11308
_____                    _____
                           Debtor                                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐      Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐      **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐      **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

In re:  COLORADO ENERGY MANAGEMENT, LLC                                      Case No.    12-11308
                                 Debtor                                                                              (if known)

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑  **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

In re:  COLORADO ENERGY MANAGEMENT, LLC                                    Case No.  12-11308
_____                                    _____
                          Debtor                                                                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> BOULDER COUNTY CLERK <br> 1750 33RD STREET <br> SUITE 100 <br> BOULDER, CO  80301-2534 | | | PROPERTY TAX | | | | $2,266.26 | $2,266.26 | $0.00 |
| ACCOUNT NO. <br><br> COLORADO STATE TREASURER <br> CDLE UNEMPLOYMENT <br> INSURANCE EMPLOYER SERVICE <br> PO BOX 956 <br> DENVER, CO  80201-0956 | | | ACCRUED SUTA - COLORADO | | | | $14,284.26 | $14,284.26 | $0.00 |
| ACCOUNT NO. <br><br> EMPLOYMENT DEVELOPMENT DEPT <br> PO BOX 826276 <br> SACRAMENTO, CA  94230-6276 | | | ACCRUED SUTA - CALIFORNIA | | | | $11,458.78 | $11,458.78 | $0.00 |
| ACCOUNT NO. <br><br> INTERNAL REVENUE SERVICE <br> OGDEN, UT  84201 | | | ACCRUED FUTA | | | | $3,639.46 | $3,639.46 | $0.00 |
| ACCOUNT NO. <br><br> STATE OF MISSISSIPPI <br> P.O. BOX 23075 <br> JACKSON, MS  39225-3075 | | | STATE INCOME TAX | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO. <br><br> UNEMPLOYMENT INSURANCE DIV <br> PO BOX 6339 <br> HELENA, MT  59604-6339 | | | ACCRUED SUTA - MONTANA | | | | $14,812.54 | $14,812.54 | $0.00 |

Schedule of Creditors Holding Unsecured Priority Claims - Sheet no. 3 of 3

| | | | |
|---|---|---|---|
| Subtotal (Totals of this page) | $46,461.30 | $46,461.30 | $0.00 |
| Total (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $46,461.30 | | |
| Totals (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $46,461.30 | $0.00 |

In re:  COLORADO ENERGY MANAGEMENT, LLC _____    Case No.   12-11308 _____
                                    Debtor                                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> ABB INC <br> PO BOX 88868 <br> CHICAGO, IL  60695-1868 | | | AP VENDOR | | | | $1,774.68 |
| ACCOUNT NO. <br><br> ADP SCREENING & SELECTION SERV <br> 36307 TREASURY CENTER <br> CHICAGO, IL  60694-6300 | | | AP VENDOR | | | | $42.71 |
| ACCOUNT NO. <br><br> AMPS DMS <br> 5773 VENICE BLVD <br> LOS ANGELES, CA  90019-5017 | | | AP VENDOR | | | | $7,537.61 |
| ACCOUNT NO. <br><br> AT&T <br> P.O. BOX 5025 <br> CAROL STREAM, IL  60197-5025 | | | AP VENDOR | | | | $36.02 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 1 of 13

| Subtotal | $9,391.02 |
|---|---|

In re:  COLORADO ENERGY MANAGEMENT, LLC _____    Case No.   12-11308 _____
              Debtor                                                                                                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>AT&T MOBILITY<br>PO BOX 6463<br>CAROL STREAM, IL  60197-6463 | | | AP VENDOR | | | | $136.27 |
| ACCOUNT NO.<br><br>BENDER US-VERNON MACHINE CORP<br>2150 E. 37TH STREET<br>VERNON, CA  90058 | | | AP VENDOR | | | | $300.00 |
| ACCOUNT NO.<br><br>CAP WORLDWIDE<br>P.O.  BOX 5608<br>DENVER, CO  80217 | | | AP VENDOR | | | | $3,425.00 |
| ACCOUNT NO.<br><br>CATAPULT SYSTEMS INC<br>1221 SOUTH MOPAC EXPRESSWAY<br>THREE BARTON SKYWAY, SUITE 350<br>AUSTIN, TX  78746 | | | AP VENDOR | | | | $5,200.00 |
| ACCOUNT NO.<br><br>CDW DIRECT, LLC<br>PO BOX 75723<br>CHICAGO, IL  60675-5723 | | | AP VENDOR | | | | $2,013.32 |
| ACCOUNT NO.<br><br>CENTENNIAL ENERGY HOLDINGS, INC.<br>C/O MDU RESOURCES GROUP, INC.<br>P.O. BOX 5650<br>BISMARCK, ND  58502-5650 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO.<br><br>CENTENNIAL ENERGY RESOURCES LLC<br>C/O MDU RESOURCES GROUP, INC.<br>P.O. BOX 5650<br>BISMARCK, ND  58502-5650 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO.<br><br>CENTURY LINK<br>P.O. BOX 29040<br>PHOENIX, AZ  85038-9040 | | | AP VENDOR | | | | $3,340.13 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 2 of 13

Subtotal          $14,414.72

In re:  COLORADO ENERGY MANAGEMENT, LLC _____   Case No.  12-11308 _____
　　　　　　　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　　(if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> CENTURY LINK <br> PO BOX 52187 <br> PHOENIX, AZ  85072-2187 | | | AP VENDOR | | | | $3,190.71 |
| ACCOUNT NO. <br><br> CITY OF VERNON <br> CUSTOMER SERVICE DIVISION <br> DEPT. LA 23389 <br> VERNON, CA  91185-3389 | | | AP VENDOR | | | | $14,450.99 |
| ACCOUNT NO. <br><br> COMCAST CABLE <br> PO BOX 34744 <br> SEATTLE, WA  98124-1744 | | | AP VENDOR | | | | $35.13 |
| ACCOUNT NO. <br><br> COOLEY LLP <br> 101 CALIFORNIA STREET, 5TH FLOOR <br> SAN FRANCISCO, CA  94111-5800 | | | PURSUANT TO ITS SERVICE AGREEMENT, COOLEY LLP IS ONLY ENTITLED TO RECEIVE A CONTINGENCY FEE FROM THE RECOVERY OF INDEMNIFICATION PROCEEDS AND HAS NO GENERAL CLAIM AGAINST THE DEBTORS' ESTATES | X | | | $0.00 |
| ACCOUNT NO. <br><br> CRAIG WELDING SUPPLY CO. <br> 5670 SANTA FE AVENUE <br> LOS ANGELES, CA  90058-3596 | | | AP VENDOR | | | | $25.45 |
| ACCOUNT NO. <br><br> CRESCENT ELECTRIC SUPPLY COMPA <br> P.O. BOX 500 <br> EAST DUBUQUE, IL  61025-4418 | | | AP VENDOR | | | | $447.03 |
| ACCOUNT NO. <br><br> DELL MARKETING <br> C/O DELL USA L.P. <br> PO BOX 802816 <br> CHICAGO, IL  60680-2816 | | | AP VENDOR | | | | $95.49 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 3 of 13

Subtotal | $18,244.80

In re:  COLORADO ENERGY MANAGEMENT, LLC                                      Case No.    12-11308
                          Debtor                                                                                (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> DELTA AIR QUALITY SERVICES, IN <br> 1845 N. CASE ST <br> ORANGE, CA  92865 | | | AP VENDOR | | | | $12,160.00 |
| ACCOUNT NO. <br> DELUXE BUSINESS CHECKS <br> PO BOX 742572 <br> CINCINNATI, OH  45274-2572 | | | AP VENDOR | | | | $477.38 |
| ACCOUNT NO. <br> DELUXE BUSINESS CHECKS <br> PO BOX 742572 <br> CINCINNATI, OH  45274-2572 | | | AP VENDOR | | | | $354.00 |
| ACCOUNT NO. <br> DIANE CARTER-HARPESSENCE <br> 1251 PTARMIGAN DRIVE <br> LONGMONT, CO | | | AP VENDOR | | | | $180.00 |
| ACCOUNT NO. <br> EGAN PRINTING <br> 1245 ELATI STREET <br> DENVER, CO  80204 | | | AP VENDOR | | | | $906.36 |
| ACCOUNT NO. <br> ELECTRICAL RELIABILITY SERVICE <br> 7100 BROADWAY, STE 7E <br> DENVER, CO  80221-2900 | | | AP VENDOR | | | | $17,825.00 |
| ACCOUNT NO. <br> ENVIRO - FLOW ENGINEERING CONS <br> 2630 LEONIS BLVD <br> VERNON, CA  90058 | | | AP VENDOR | | | | $1,620.00 |
| ACCOUNT NO. <br> EVERBANK COMMERCIAL FINANCE, I <br> DEPT #1608 <br> DENVER, CO  80291-1608 | | | AP VENDOR | | | | $620.58 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 4 of 13

Subtotal        $34,143.32

In re:  COLORADO ENERGY MANAGEMENT, LLC     Case No.    12-11308
                                Debtor                                            (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>EXPRESS ONE<br>1030 5TH AVENUE<br>COLUMBUS, GA  31901 | | | AP VENDOR | | | | $461.92 |
| ACCOUNT NO.<br><br>FEDERAL EXPRESS<br>P.O. BOX 7221<br>PASADENA, CA  91109-7321 | | | AP VENDOR | | | | $11,508.80 |
| ACCOUNT NO.<br><br>FEDERAL EXPRESS<br>P.O. BOX 94515<br>PALATINE, IL  60094-4515 | | | AP VENDOR | | | | $518.12 |
| ACCOUNT NO.<br><br>FIDELITY INVESTMENTS<br>PO BOX 770001<br>CINCINNATI, OH  45277-0003 | | | AP VENDOR | | | | $1,013.87 |
| ACCOUNT NO.<br><br>GE CAPITAL<br>PO BOX 31001-0271<br>PASADENA, CA  91110-0271 | | | AP VENDOR | | | | $215.15 |
| ACCOUNT NO.<br><br>GE ENERGY SERVICES, INC.<br>4900 KINGSTON STREET<br>DENVER, CO  80239 | | | AP VENDOR | | | | $9,150.00 |
| ACCOUNT NO.<br><br>GERALD FLOWERS<br>ATTN: GREGORY W. CHASE, ESQ.<br>C/O SHAPIRO BETTINGER CHASE LLP<br>7411 JEFFERSON ST. NE<br>ALBUQUERQUE, NM  87109 | | | LITIGATION | X | X | X | UNKNOWN |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 5 of 13

Subtotal     $22,867.86

In re:  COLORADO ENERGY MANAGEMENT, LLC                          Case No.    12-11308
_____                      _____
                        Debtor                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>GERALD FLOWERS<br>ATTN: JOSEPH TERRY, ESQ. & L. LEE THWEATT, ESQ.<br>TERRY & THWEATT, P.C.<br>ONE GREENWAY PLAZA, SUITE 100<br>HOUSTON, TX  77046-0102 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO.<br><br>GLOBAL FIRE & SAFETY INC<br>2001 PERALTA STREET<br>SUITE F<br>OAKLAND, CA  94607 | | | AP VENDOR | | | | $10,739.30 |
| ACCOUNT NO.<br><br>GLOBAL POWER SOLUTIONS, LLC<br>1196 PRESERVE CIRCLE<br>GOLDEN, CO  80401 | | | AP VENDOR | | | | $4,279.52 |
| ACCOUNT NO.<br><br>HILL BROTHERS CHEMICAL CO.<br>CITY OF INDUSTRY DIVISION<br>1675 NORTH MAIN STREET<br>ORANGE, CA  92867-3499 | | | AP VENDOR | | | | $4,736.06 |
| ACCOUNT NO.<br><br>IMAGINE TECHNOLOGIES<br>PO BOX 5365<br>NEW YORK, NY  10087-5365 | | | AP VENDOR | | | | $62.50 |
| ACCOUNT NO.<br><br>IRON MOUNTAIN RECORDS MGMT<br>PO BOX 915026<br>DALLAS, TX  75391-5026 | | | AP VENDOR | | | | $470.30 |
| ACCOUNT NO.<br><br>JOHN E. GRIMMER<br>ONE BATTERY PARK PLAZA<br>18TH FLOOR<br>NEW YORK, NY  10524 | | | AP VENDOR | | | | $2,000.00 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 6 of 13

Subtotal          $22,287.68

In re:  COLORADO ENERGY MANAGEMENT, LLC _____     Case No.  12-11308 _____
                                    Debtor                                                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>KDG DEVELOPMENT & CONSTRUCTION<br>520 N. CENTRAL AVE.<br>GLENDALE, CA  91203 | | | AP VENDOR | | | | $12,319.41 |
| ACCOUNT NO.<br>KING EQUIPMENT<br>PO BOX 2908<br>CHINO HILLS, CA  91709 | | | AP VENDOR | | | | $2,465.79 |
| ACCOUNT NO.<br>KISTLER INSTRUMENT CORP<br>75 JOHN GLENN DR<br>AMHERST, NY  14228 | | | AP VENDOR | | | | $7,669.25 |
| ACCOUNT NO.<br>KROGER - KING SOOPERS<br>3485 SOLUTIONS CENTER<br>CHICAGO, IL  60677-3004 | | | AP VENDOR | | | | $767.55 |
| ACCOUNT NO.<br>KURTIS KLEIN<br>1125 N. CODY<br>HARDIN, MT  59034 | | | AP VENDOR | | | | $160.00 |
| ACCOUNT NO.<br>LEA POWER PARTNERS, LLC<br>200 CLARENDON ST<br>55TH FLOOR<br>BOSTON, MA  02117 | | | LITIGATION | X | X | X | $22,043,032.00 |
| ACCOUNT NO.<br>MANCHIEF POWER COMPANY LLC<br>C/O ATLANTIC POWER CORPORATION<br>200 CLARENDON ST, 25TH FLR<br>BOSTON, MA  02116 | | | DUE TO CUSTOMER | | | | $588,935.20 |
| ACCOUNT NO.<br>MARTHA J. ANDERSON<br>18021 MCR 26<br>BRUSH, CO  80723 | | | AP VENDOR | | | | $678.26 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 7 of 13

Subtotal     $22,656,027.46

In re:   COLORADO ENERGY MANAGEMENT, LLC

Case No.   12-11308

Debtor

(if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>MATHESON TRI-GAS INC<br>DEPT. 3028<br>PO BOX 123028<br>DALLAS, TX  75312-3028 | | | AP VENDOR | | | | $666.58 |
| ACCOUNT NO.<br><br>MCHALE & ASSOCIATES, INC<br>6430 BAUM DRIVE<br>KNOXVILLE, TN  37919 | | | AP VENDOR | | | | $13,000.00 |
| ACCOUNT NO.<br><br>MCMASTER-CARR SUPPLY CO<br>PO BOX 7690<br>CHICAGO, IL  60680-7690 | | | AP VENDOR | | | | $1,019.89 |
| ACCOUNT NO.<br><br>NALCO COMPANY<br>PO BOX 70716<br>CHICAGO, IL  60673-0716 | | | AP VENDOR | | | | $13,585.51 |
| ACCOUNT NO.<br><br>NATIONAL ECONOMIC RESEARCH ASSOCIATES, INC<br>PO BOX 70716<br>CHICAGO, IL  60673-0716 | | | AP VENDOR | | | | $18,433.61 |
| ACCOUNT NO.<br><br>NATIONAL TECHNOLOGY TRANSFER<br>DEPT. 1096<br>DENVER, CO  80256 | | | AP VENDOR | | | | $1,149.00 |
| ACCOUNT NO.<br><br>OZO COFFEE ROASTERS<br>1898 S. FLATIRON CT. #110<br>BOULDER, CO  80301 | | | AP VENDOR | | | | $170.75 |
| ACCOUNT NO.<br><br>PACIFIC TECHNICAL RESOURCES, INC.<br>14269 FERN AVENUE<br>CHINO, CA  91710 | | | AP VENDOR | | | | $970.93 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 8 of 13

Subtotal     $48,996.27

In re:  COLORADO ENERGY MANAGEMENT, LLC                              Case No.   12-11308
_____            _____
                          Debtor                                                  (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>PETROCHEM INSULATION, INC<br>110 CORPORATE PL<br>VALLEJO, CA  94590 | | | AP VENDOR | | | | $15,042.39 |
| ACCOUNT NO.<br>PITNEY BOWES<br>P.O. BOX 371887<br>PITTSBURG, PA  15250-7887 | | | AP VENDOR | | | | $26.59 |
| ACCOUNT NO.<br>PITNEY BOWES<br>P.O. BOX 371896<br>PITTSBURGH, PA  15250-7896 | | | AP VENDOR | | | | $11.68 |
| ACCOUNT NO.<br>PRECISION TESTING GROUP, INC.<br>18590 WEDEMEYER RD<br>KIOWA, CO  80117 | | | AP VENDOR | | | | $1,400.00 |
| ACCOUNT NO.<br>PROGRESSIVE BUS. PUBLICATIONS<br>P.O. BOX 3019<br>MALVERN, PA  19355 | | | AP VENDOR | | | | $33.40 |
| ACCOUNT NO.<br>PROGRESSIVE BUSINESS PUBLICATI<br>IRC PAYABLES  300 MAIN ST<br>PO BOX 992<br>VESTAL, NY  13851 | | | AP VENDOR | | | | $191.70 |
| ACCOUNT NO.<br>RENEW DATA CORP.<br>P.O. BOX 671142<br>DALLAS, TX  75267-1142 | | | AP VENDOR | | | | $25,388.89 |
| ACCOUNT NO.<br>RHINO CONSTRUCTION SERVICES<br>2672 KEMPTON DRIVE<br>LOS ALAMITOS, CA  90720 | | | AP VENDOR | | | | $10,372.50 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 9 of 13

Subtotal        $52,467.15

In re:  COLORADO ENERGY MANAGEMENT, LLC _____ Case No.   12-11308 _____
_____
Debtor                                                                                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> RVM, INC <br> 80 PINE STREET <br> 10TH FLOOR <br> NEW YORK, NY  10005 | | | AP VENDOR | | | | $41,944.49 |
| ACCOUNT NO. <br> SAFETY KLEEN SYSTEMS INC <br> PO BOX 650509 <br> DALLAS, TX  75265-0509 | | | AP VENDOR | | | | $3,491.26 |
| ACCOUNT NO. <br> SAFWAY SERVICES LLC <br> 120 MOORE LANE SUITE 1 <br> BILLINGS, MT  59107 | | | AP VENDOR | | | | $121.80 |
| ACCOUNT NO. <br> SHI INTERNATIONAL CORP. <br> PO BOX 952121 <br> DALLAS, TX  75395-2121 | | | AP VENDOR | | | | $66.45 |
| ACCOUNT NO. <br> SO CAL SANITATION <br> 163 SIXTH AVE <br> CITY OF INDUSTRY, CA  91746 | | | AP VENDOR | | | | $320.58 |
| ACCOUNT NO. <br> STAPLES <br> P.O. BOX 95708 <br> CHICAGO, IL  60694-5708 | | | AP VENDOR | | | | $1,164.79 |
| ACCOUNT NO. <br> STAPLES ADVANTAGE <br> P.O. BOX 71217 <br> CHICAGO, IL  60694-1217 | | | AP VENDOR | | | | $734.02 |
| ACCOUNT NO. <br> STATE WATER RESOURCES CONTROL <br> PO BOX 1888 <br> SACRAMENTO, CA  95812-1888 | | | AP VENDOR | | | | $86.71 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 10 of 13

Subtotal   $47,930.10

In re:  COLORADO ENERGY MANAGEMENT, LLC                          Case No.   12-11308
                              Debtor                                                                                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>SUNNY EXPRESS<br>PO BOX 225<br>SANTA CLARA, CA  95052-0225 | | | AP VENDOR | | | | $29.94 |
| ACCOUNT NO.<br><br>SUPERSHUTTLE<br>A/R DEPT<br>PO BOX 15457<br>SCOTTSDALE, AZ  85267-5457 | | | AP VENDOR | | | | $125.08 |
| ACCOUNT NO.<br><br>THE CITY OF BRUSH<br>PO BOX 363<br>BRUSH, CO  80723 | | | AP VENDOR | | | | $28,397.53 |
| ACCOUNT NO.<br><br>THE ROYAL AMBASSADORS<br>PO BOX 1635<br>BROOMFIELD, CO  80038-1635 | | | AP VENDOR | | | | $851.20 |
| ACCOUNT NO.<br><br>TM-EDITION<br>P.O. BOX 201<br>SZOMBATHELY  9701<br>HUNGARY | | | AP VENDOR | | | | $1,650.00 |
| ACCOUNT NO.<br><br>TRANSPERFECT DOCUMENT MANAGEMENT, INC<br>THREE PARK AVE<br>39TH FLOOR<br>NEW YORK, NY  10016 | | | AP VENDOR | | | | $13,175.23 |
| ACCOUNT NO.<br><br>TYCO VALVES & CONTROLS,  LP<br>P.O. BOX 120001<br>DEPT. 0789<br>DALLAS, TX  75312-0789 | | | AP VENDOR | | | | $9,546.25 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 11 of 13

                                              Subtotal          $53,775.23

In re:  COLORADO ENERGY MANAGEMENT, LLC _____     Case No.   12-11308 _____
                                 Debtor                                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> UP SYSTEMS, INC <br> 2821 WEST 11TH STREET <br> HOUSTON, TX  77008 | | | AP VENDOR | | | | $11,953.00 |
| ACCOUNT NO. <br><br> VERIZON WIRELESS <br> P.O. BOX 660108 <br> DALLAS, TX  75266-0108 | | | AP VENDOR | | | | $4,143.18 |
| ACCOUNT NO. <br><br> WASTE MANAGEMENT <br> 1240 NAVY DR <br> STOCKTON, CA  95206 | | | AP VENDOR | | | | $98.70 |
| ACCOUNT NO. <br><br> WELLS FARGO <br> PO BOX 6415 <br> CAROL STREAM, IL  60197-6415 | | | AP VENDOR | | | | $10,771.39 |
| ACCOUNT NO. <br><br> WESTERN STATE FIRE PROTECTION <br> 7026 SOUTH TUCSON WAY <br> CENTENNIAL, CO  80112 | | | AP VENDOR | | | | $3,174.50 |
| ACCOUNT NO. <br><br> WILLIAMS SCOTSMAN, INC <br> PO BOX 91975 <br> CHICAGO, IL  60693-1975 | | | AP VENDOR | | | | $1,217.20 |
| ACCOUNT NO. <br><br> XCEL ENERGY <br> PO BOX 9477 <br> MINNEAPOLIS, MN  55484-9477 | | | AP VENDOR | | | | $45,333.55 |
| ACCOUNT NO. <br><br> XEROX CORPORATION <br> P.O. BOX 7405 <br> PASADENA, CA  91109-7405 | | | AP VENDOR | | | | $135.45 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 12 of 13

Subtotal        $76,826.97

In re:  COLORADO ENERGY MANAGEMENT, LLC                    Case No.    12-11308
_____                    _____
                        Debtor                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>YMCA<br>2800 DAGNY WAY<br>LAFAYETTE, CO  80026 | | | AP VENDOR | | | | $535.80 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 13 of 13

Subtotal | $535.80

Total | $23,057,908.38
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re:  COLORADO ENERGY MANAGEMENT, LLC      Case No.  12-11308
                            Debtor                                                                     (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| BARCLAYS BANK PLC<br>BARCLAYS CAPITAL<br>5 THE NORTH COLONNADE<br>CANARY WHARF<br>LONDON  E14 4BB<br>UNITED KINGDOM | AMENDED RATE SWAP CONFIRMATION REFERENCE #1769113B |
| BARCLAYS BANK PLC<br>BARCLAYS CAPITAL<br>5 THE NORTH COLONNADE<br>CANARY WHARF<br>LONDON  E14 4BB<br>UNITED KINGDOM | AMENDED RATE SWAP CONFIRMATION REFERENCE #1786048B |
| BARCLAYS BANK PLC<br>BARCLAYS CAPITAL<br>5 THE NORTH COLONNADE<br>CANARY WHARF<br>LONDON  E14 4BB<br>UNITED KINGDOM | AMENDED RATE SWAP CONFIRMATION REFERENCE #1937007B |
| BARCLAYS BANK PLC<br>BARCLAYS CAPITAL<br>5 THE NORTH COLONNADE<br>CANARY WHARF<br>LONDON  E14 4BB<br>UNITED KINGDOM | COMMODITY SWAP AGREEMENT |
| BARCLAYS BANK PLC<br>BARCLAYS CAPITAL<br>5 THE NORTH COLONNADE<br>CANARY WHARF<br>LONDON  E14 4BB<br>UNITED KINGDOM | ISDA AGREEMENT AND SCHEDULE DATED 10/9/07 |
| BARCLAYS BANK PLC<br>BARCLAYS CAPITAL<br>5 THE NORTH COLONNADE<br>CANARY WHARF<br>LONDON  E14 4BB<br>UNITED KINGDOM | ISDA AGREEMENT AND SCHEDULE DATED 6/14/07 |
| BICENT CALIFORNIA MALBURG LLC<br>103 NORTH WASHINGTON STREET<br>EASTON, MD  21601 | OPERATION AND MAINTENANCE AGREEMENT |

In re:  COLORADO ENERGY MANAGEMENT, LLC                     Case No.   12-11308
_____                     _____
                        Debtor                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| BIV GENERATION COMPANY, LLC<br>103 NORTH WASHINGTON STREET<br>EASTON, MD  21601 | OPERATION AND MAINTENANCE AGREEMENT |
| BRUSH COGENERATION PARTNERS<br>VERESEN / FORT CHICAGO US POWER<br>300 RANCHEROS DR., STE. 10<br>SAN MARCOS, CA  92069 | PROJECT MANAGEMENT AGREEMENT-AMENDED |
| BYRAN CAVE HRO<br>1700 LINCOLN STREET, SUITE 4100<br>DENVER, CO  80203 | LEGAL SERVICES AGREEMENT |
| COLORADO POWER PARTNERS<br>103 NORTH WASHINGTON STREET<br>EASTON, MD  21601 | OPERATION AND MAINTENANCE AGREEMENT |
| COOLEY GODWARD KRONISH LLP<br>1114 AVENUE OF THE AMERICAS<br>NEW YORK, NY  10036 | AGREEMENT FOR LEGAL SERVICES |
| DOUGLAS E MYERS REVOCABLE TRUST<br>5277 MANHATTAN CIRCLE #111<br>BOULDER, CO  80303 | CEM OFFICE LEASE FOR 2575 PARK LANE, LAFAYETTE CO, 80026 |
| EVERBANK COMMERCIAL FINANCE, INC<br>DEPT. #1608<br>DENVER, CO  80291 | TELECOM LEASE |
| GE CAPITAL<br>PO BOX 31001-0271<br>PASADENA, CA  91110 | COPIER LEASES |
| GOLDMAN SACHS BANK USA<br>200 WEST STREET<br>NEW YORK, NY  10282 | ISDA AGREEMENT AND SCHEDULE DATED 10/16/07 |
| GOLDMAN SACHS CAPITAL MARKETS, LP<br>200 WEST STREET<br>NEW YORK, NY  10282 | CONFIRMATION RE: SWAP TRANSACTION REFERENCE #LTAA1708111954.0 |
| GOLDMAN SACHS CAPITAL MARKETS, LP<br>200 WEST STREET<br>NEW YORK, NY  10282 | REVISED CONFIRMATION RE: SWAP TRANSACTION REFERENCE #LTAA1738563592.0 |
| JOHN GRIMMER & ASSOCIATES<br>ONE BATTERY PARK PLAZA<br>18TH FLOOR<br>NEW YORK, NY  10004 | AGREEMENT FOR LEGAL SERVICES |
| MANCHIEF POWER COMPANY LLC<br>C/O ATLANTIC POWER CORPORATION<br>200 CLARENDON ST, 25TH FLR<br>BOSTON, MA  02116 | OPERATION AND MAINTENANCE AGREEMENT |

In re:  COLORADO ENERGY MANAGEMENT, LLC                      Case No.    12-11308
_____                               _____
                    Debtor                                                      (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| NALCO COMPANY<br>1601 WEST DIEHL ROAD<br>NAPERVILLE, IL  60563 | CHEMICAL SUPPLY AGREEMENT |
| ROCKY MOUNTAIN POWER, INC.<br>103 NORTH WASHINGTON STREET<br>EASTON, MD  21601 | OPERATION AND MAINTENANCE AGREEMENT |
| SAN JOAQUIN COGEN, LLC<br>103 NORTH WASHINGTON STREET<br>EASTON, MD  21601 | OPERATION AND MAINTENANCE AGREEMENT |
| WELLS FARGO FINANCIAL LEASING<br>PO BOX 6434<br>CAROL STREAM, IL  60197 | COPIER LEASE |
| XEROX CORPORATION<br>PO BOX 7405<br>PASADENA, CA  91109 | COPIER LEASE |

Schedule of Executory Contracts and Unexpired Leases -
Sheet no. 3 of 3

In re:  COLORADO ENERGY MANAGEMENT, LLC                    Case No.   12-11308
_____                              _____
                          Debtor                                              (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| BICENT FUNDING LLC<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | BARCLAYS BANK PLC<br>FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007, INTEREST<br>RATE & COMMODITY SWAP AGREEMENTS, INCLUDING INTEREST<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY  10166 |
| BICENT POWER LLC<br>AS BORROWER<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | BARCLAYS BANK PLC<br>FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007, INTEREST<br>RATE & COMMODITY SWAP AGREEMENTS, INCLUDING INTEREST<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY  10166 |
| BIV GENERATION COMPANY, L.L.C.<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | BARCLAYS BANK PLC<br>FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007, INTEREST<br>RATE & COMMODITY SWAP AGREEMENTS, INCLUDING INTEREST<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY  10166 |
| BRUSH GENERATION COMPANY, L.L.C.<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | BARCLAYS BANK PLC<br>FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007, INTEREST<br>RATE & COMMODITY SWAP AGREEMENTS, INCLUDING INTEREST<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY  10166 |
| BRUSH POWER LLC<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | BARCLAYS BANK PLC<br>FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007, INTEREST<br>RATE & COMMODITY SWAP AGREEMENTS, INCLUDING INTEREST<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY  10166 |
| CEM ENERGY SERVICES, INC.<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | BARCLAYS BANK PLC<br>FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007, INTEREST<br>RATE & COMMODITY SWAP AGREEMENTS, INCLUDING INTEREST<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY  10166 |
| CENTENNIAL POWER LLC<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | BARCLAYS BANK PLC<br>FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007, INTEREST<br>RATE & COMMODITY SWAP AGREEMENTS, INCLUDING INTEREST<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY  10166 |

In re:   COLORADO ENERGY MANAGEMENT, LLC                    Case No.    12-11308
_____                          _____
Debtor                                                                   (if known)

# SCHEDULE H - CODEBTORS

(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| COLORADO COGEN OPERATORS, LLC<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | BARCLAYS BANK PLC<br>FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007, INTEREST RATE & COMMODITY SWAP AGREEMENTS, INCLUDING INTEREST<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY 10166 |
| COLORADO POWER PARTNERS<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | BARCLAYS BANK PLC<br>FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007, INTEREST RATE & COMMODITY SWAP AGREEMENTS, INCLUDING INTEREST<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY 10166 |
| HART COUNTY IPP, LLC<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | BARCLAYS BANK PLC<br>FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007, INTEREST RATE & COMMODITY SWAP AGREEMENTS, INCLUDING INTEREST<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY 10166 |
| HARTWELL INDEPENDENT POWER PARTNERS, LLC<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | BARCLAYS BANK PLC<br>FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007, INTEREST RATE & COMMODITY SWAP AGREEMENTS, INCLUDING INTEREST<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY 10166 |
| HARTWELL POWER COMPANY<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | BARCLAYS BANK PLC<br>FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007, INTEREST RATE & COMMODITY SWAP AGREEMENTS, INCLUDING INTEREST<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY 10166 |
| HARTWELL, LLC<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | BARCLAYS BANK PLC<br>FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007, INTEREST RATE & COMMODITY SWAP AGREEMENTS, INCLUDING INTEREST<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY 10166 |
| MORGAN GENERATION COMPANY, L.L.C.<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | BARCLAYS BANK PLC<br>FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007, INTEREST RATE & COMMODITY SWAP AGREEMENTS, INCLUDING INTEREST<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY 10166 |
| ROCKY MOUNTAIN POWER, LLC<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | BARCLAYS BANK PLC<br>FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007, INTEREST RATE & COMMODITY SWAP AGREEMENTS, INCLUDING INTEREST<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY 10166 |

In re:  COLORADO ENERGY MANAGEMENT, LLC

Case No.   12-11308

Debtor

(if known)

# SCHEDULE H - CODEBTORS

(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| SAN JOAQUIN COGEN, L.L.C.<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | BARCLAYS BANK PLC<br>FIRST LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007, INTEREST<br>RATE & COMMODITY SWAP AGREEMENTS, INCLUDING INTEREST<br>ATTN: NEW YORK LOAN OPERATIONS<br>200 PARK AVENUE<br>NEW YORK, NY  10166 |
| BICENT FUNDING LLC<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | U.S. BANK NATIONAL ASSOCIATION<br>SECOND LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007<br>ATTN: SCOTT DEROSS<br>CDO TRUST SERVICES<br>214 N. TRYON STREET, 26TH FLOOR<br>CHARLOTTE, NC  28202 |
| BICENT POWER LLC<br>AS BORROWER<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | U.S. BANK NATIONAL ASSOCIATION<br>SECOND LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007<br>ATTN: SCOTT DEROSS<br>CDO TRUST SERVICES<br>214 N. TRYON STREET, 26TH FLOOR<br>CHARLOTTE, NC  28202 |
| BIV GENERATION COMPANY, L.L.C.<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | U.S. BANK NATIONAL ASSOCIATION<br>SECOND LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007<br>ATTN: SCOTT DEROSS<br>CDO TRUST SERVICES<br>214 N. TRYON STREET, 26TH FLOOR<br>CHARLOTTE, NC  28202 |
| BRUSH GENERATION COMPANY, L.L.C.<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | U.S. BANK NATIONAL ASSOCIATION<br>SECOND LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007<br>ATTN: SCOTT DEROSS<br>CDO TRUST SERVICES<br>214 N. TRYON STREET, 26TH FLOOR<br>CHARLOTTE, NC  28202 |
| BRUSH POWER LLC<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | U.S. BANK NATIONAL ASSOCIATION<br>SECOND LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007<br>ATTN: SCOTT DEROSS<br>CDO TRUST SERVICES<br>214 N. TRYON STREET, 26TH FLOOR<br>CHARLOTTE, NC  28202 |
| CEM ENERGY SERVICES, INC.<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | U.S. BANK NATIONAL ASSOCIATION<br>SECOND LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007<br>ATTN: SCOTT DEROSS<br>CDO TRUST SERVICES<br>214 N. TRYON STREET, 26TH FLOOR<br>CHARLOTTE, NC  28202 |
| CENTENNIAL POWER LLC<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | U.S. BANK NATIONAL ASSOCIATION<br>SECOND LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007<br>ATTN: SCOTT DEROSS<br>CDO TRUST SERVICES<br>214 N. TRYON STREET, 26TH FLOOR<br>CHARLOTTE, NC  28202 |

In re:   COLORADO ENERGY MANAGEMENT, LLC                               Case No.   12-11308
_____                              _____
                    Debtor                                                (if known)

# SCHEDULE H - CODEBTORS

(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| COLORADO COGEN OPERATORS, LLC<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | U.S. BANK NATIONAL ASSOCIATION<br>SECOND LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007<br>ATTN: SCOTT DEROSS<br>CDO TRUST SERVICES<br>214 N. TRYON STREET, 26TH FLOOR<br>CHARLOTTE, NC  28202 |
| COLORADO POWER PARTNERS<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | U.S. BANK NATIONAL ASSOCIATION<br>SECOND LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007<br>ATTN: SCOTT DEROSS<br>CDO TRUST SERVICES<br>214 N. TRYON STREET, 26TH FLOOR<br>CHARLOTTE, NC  28202 |
| HART COUNTY IPP, LLC<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | U.S. BANK NATIONAL ASSOCIATION<br>SECOND LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007<br>ATTN: SCOTT DEROSS<br>CDO TRUST SERVICES<br>214 N. TRYON STREET, 26TH FLOOR<br>CHARLOTTE, NC  28202 |
| HARTWELL INDEPENDENT POWER PARTNERS, LLC<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | U.S. BANK NATIONAL ASSOCIATION<br>SECOND LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007<br>ATTN: SCOTT DEROSS<br>CDO TRUST SERVICES<br>214 N. TRYON STREET, 26TH FLOOR<br>CHARLOTTE, NC  28202 |
| HARTWELL POWER COMPANY<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | U.S. BANK NATIONAL ASSOCIATION<br>SECOND LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007<br>ATTN: SCOTT DEROSS<br>CDO TRUST SERVICES<br>214 N. TRYON STREET, 26TH FLOOR<br>CHARLOTTE, NC  28202 |
| HARTWELL, LLC<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | U.S. BANK NATIONAL ASSOCIATION<br>SECOND LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007<br>ATTN: SCOTT DEROSS<br>CDO TRUST SERVICES<br>214 N. TRYON STREET, 26TH FLOOR<br>CHARLOTTE, NC  28202 |
| MORGAN GENERATION COMPANY, L.L.C.<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | U.S. BANK NATIONAL ASSOCIATION<br>SECOND LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007<br>ATTN: SCOTT DEROSS<br>CDO TRUST SERVICES<br>214 N. TRYON STREET, 26TH FLOOR<br>CHARLOTTE, NC  28202 |
| ROCKY MOUNTAIN POWER, LLC<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | U.S. BANK NATIONAL ASSOCIATION<br>SECOND LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007<br>ATTN: SCOTT DEROSS<br>CDO TRUST SERVICES<br>214 N. TRYON STREET, 26TH FLOOR<br>CHARLOTTE, NC  28202 |

In re:  COLORADO ENERGY MANAGEMENT, LLC                     Case No.    12-11308
                                  Debtor                                                    (if known)

# SCHEDULE H - CODEBTORS

(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| SAN JOAQUIN COGEN, L.L.C.<br>AS GUARANTOR<br>2575 PARK LANE, SUITE 200<br>LAFAYETTE, CO 80026 | U.S. BANK NATIONAL ASSOCIATION<br>SECOND LIEN CREDIT AGREEMENT DATED AS OF JULY 10, 2007<br>ATTN: SCOTT DEROSS<br>CDO TRUST SERVICES<br>214 N. TRYON STREET, 26TH FLOOR<br>CHARLOTTE, NC  28202 |

In re:  COLORADO ENERGY MANAGEMENT, LLC _____     Case No.  12-11308 _____
                                       Debtor                                          (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Authorized Signor of Colorado Energy Management, LLC named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 1 sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date  June 07, 2012 _____         Signature _____

                                              Christopher L. Ryan _____
                                              [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

--------------------------------------------------------------------------------------------------------------------------------------

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.